Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Danielle S. Futterman (DY 4228)
dfutterman@ipcounselors.com
Nabeela M. Hanif
nhanif@ipcounselors.com
Gabriela N. Nastasi
gnastasi@ipcounselors.com
Karena K. Ioannou
kioannou@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 2520
New York, NY 10165
Telephone: (212) 292-5390
Facsimile: (212) 292-5391
*Attorneys for Plaintiff*
*Mattel, Inc.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MATTEL, INC., <br><br> *Plaintiff* <br><br> v. <br><br> WWW.FISHER-PRICE.ONLINE, <br><br> *Defendant* | **21-cv-9608 (LJL)** <br><br><br> **PRELIMINARY INJUNCTION ORDER** |

**GLOSSARY**

| Term | Definition |
|---|---|
| **Plaintiff or Mattel** | Mattel, Inc. |
| **Defendant** | www.fisher-price.online |
| **Mattel** | A leading designer, developer, marketer, manufacturer and distributor of its well-known Mattel Products (defined *infra*), including children's toys and games offered under some of America's most iconic and influential sub-brands, such as Fisher Price, Barbie, UNO, Thomas & Friends, Hot Wheels and American Girl |
| **Fisher-Price** | Plaintiff's wholly owned subsidiary that produces educational toys for infants, toddlers and preschoolers, along with developing character-based toys for children's programming such as Thomas & Friends. Some of Fisher-Price's most popular brands include Power Wheels, Laugh & Learn, Little People and Imaginext |
| **Cloudflare** | Cloudflare, Inc., with an address of 101 Townsend Street, San Francisco, California 94107, and any and all affiliated companies, which operate a cloud-based web infrastructure platform, available at www.cloudflare.com, that enables capabilities to host static websites on a content delivery network |
| **Dynadot** | Dynadot, LLC, with an address of 210 S Ellsworth Ave #345 San Mateo, California 94401, and any and all affiliated companies, which operate an ICANN accredited domain name registrar and web hosting company, available at www.dynadot.com, that allows consumers to register domain names and create websites |
| **Epstein Drangel** | Epstein Drangel LLP, counsel for Plaintiff |
| **New York Address** | 244 Madison Ave, Suite 411, New York, NY 10016 |
| **Complaint** | Plaintiff's instant Complaint |
| **Application** | Plaintiff's *ex parte* application for: 1) a temporary restraining order; 2) an order restraining Defendant's Website (as defined *infra*) and Defendant's Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service; and 5) an order authorizing expedited discovery |
| **Moore Dec.** | Declaration of Michael Moore in Support of |

| | Plaintiff's Application |
|---|---|
| **Futterman Dec.** | Declaration of Danielle S. Futterman in Support of Plaintiff's Application |
| **Mattel Products** | Plaintiff's children's toys, games, playthings, and other products, and/or its iconic sub-brands, including, but not limited to: Barbie, UNO, Thomas & Friends, Hot Wheels, Power Wheels, American Girl and Fisher-Price |
| **Power Wheels Products** | Battery-powered ride-on vehicles for toddlers and preschoolers, that come in a variety of models including cars, trucks and ATVs |
| **Power Wheels Marks** | U.S. Trademark Registration Nos.: 1,374,017 for "POWER WHEELS" for goods in Class 28; 1,671,657 for "POWER WHEELS" for goods in Class 9; 5,504, 969 for ![POWER WHEELS] for goods in Classes 9 and 28; and 5,763,877 for ![POWER WHEELS] for goods in Class 9 |
| **Fisher-Price Marks** | U.S. Trademark Registration Nos.: 3,279,454 for "FISHER-PRICE" for goods in Class 28 and 4,115,688 for "FISHER-PRICE" for "computerized online ordering services in the field of toys, games and playthings, electronic commerce services, namely, providing information about products via telecommunication networks for advertising and sales purposes" in Class 35 |
| **Mattel Marks** | The Power Wheels Marks and Fisher-Price Marks |
| **Plaintiff's Website** | Plaintiff's wholly owned subsidiary, Fisher-Price's fully interactive website, located at https://www.fisher-price.com |
| **Counterfeit Products** | Defendant's products advertised, offered for sale and/or sold by Defendant via Defendant's Website (as defined *infra*), which use the Mattel Marks, or at the very least, marks that are confusingly similar thereto |
| **Defendant's Website or Infringing Domain Name** | www.fisher-price.online |
| **Defendant's Assets** | Any and all money, securities or other property or assets of Defendant (whether said assets are located in the U.S. or abroad) |
| **Defendant's Financial Accounts** | Any and all financial accounts associated with or utilized by Defendant or any of Defendant's Website (whether said accounts are located in the U.S. or abroad) |

iii

| **Financial Institutions** | Any banks, financial institutions, credit card companies and payment processing agencies, such as PayPal Inc. ("PayPal") and other companies or agencies that engage in the processing or transfer of money and/or real or personal property of Defendant |
|---|---|
| **Third Party Service Providers** | Any third party providing services in connection with Defendant's Counterfeit Products and/or Defendant's Website, including, without limitation, Shopify, Internet Service Providers ("ISP"), back-end service providers, web designers, merchant account providers, any providing shipping and/or fulfillment services, website hosts (such as Cloudflare), domain name registrars (such as Dynadot) and domain name registries |

WHERAS, Plaintiff moved *ex parte* on November 19, 2021 against Defendant for the following: 1) a temporary restraining order; 2) an order restraining Defendant's Website and Defendant's Assets with the Financial Institutions; 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service; and 5) an order authorizing expedited discovery;

WHEREAS, the Court entered an Order granting Plaintiff's Application on November 22, 2021 (the "TRO"), which ordered Defendant to appear on December 6, 2021 at 10:00 a.m. to show cause why a preliminary injunction should not issue (the "Show Cause Hearing");

WHEREAS, on December 1, 2021, pursuant to the alternative methods of service authorized by the TRO, Plaintiff served the Summons, Complaint, TRO and all papers filed in support of the Application on Defendant's email address;

WHEREAS, on December 6, 2021 at 10:00 a.m., Plaintiff appeared at the Show Cause Hearing, however Defendant did not appear.

## ORDER

1. The injunctive relief previously granted in the TRO shall remain in place through the pendency of this litigation, and issuing this Order is warranted under Federal Rule of Civil Procedure 65 and Section 34 of the Lanham Act.

    a) Accordingly, Defendant is hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

        i. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products;

ii. directly or indirectly infringing in any manner Plaintiff's Power Wheels Marks;

iii. using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's Power Wheels Marks to identify any goods or services not authorized by Plaintiff;

iv. using Plaintiff's Power Wheels Marks and/or any other marks that are confusingly similar to the Power Wheels Marks on or in connection with Defendant's Website and/or Defendant's manufacturing, importation, exportation, advertising, marketing, promotion, distribution, offering for sale, sale and/or otherwise dealing in Counterfeit Products;

v. using any false designation of origin or false description, or engaging in any action that is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product using Plaintiff's Power Wheels Marks and/or any other marks that are confusingly similar to the Power Wheels Marks manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendant with Plaintiff, and/or as to the origin, sponsorship or approval of any product using Plaintiff's Power Wheels Marks and/or any other marks that are confusingly similar to the Power Wheels Marks manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendant, website owned or operated by Defendant, services provided by Defendant and/or Defendant's commercial activities by Plaintiff;

    vi. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of: (i) Counterfeit Products and/or (ii) any computer files, data, business records, documents or any other records or evidence relating to Defendant's Website, Defendant's Assets and/or the manufacturing, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products;

    vii. effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order;

    viii. linking, transferring, selling and/or operating Defendant's Website;

    ix. registering, trafficking in or using any domain names that incorporate any of Plaintiff's Power Wheels Marks, or any colorable imitation thereof, including the Infringing Domain Names; and

    x. knowingly instructing any other person or business entity to engage in any of the activities referred to in subparagraphs 1(a)(i) through 1(a)(ix) above, and 1(b)(i) through 1(b)(ii) and 1(c)(i) through 1(c)(ii) below.

b) Accordingly, the Third Party Service Providers and Financial Institutions are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

    i. secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying Defendant's Assets from or to Defendant's Financial Accounts until further ordered by this Court;

3

      ii. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records, documents or any other records or evidence relating to Defendant's Assets and Defendant's Financial Accounts; and

      iii. knowingly instructing any person or business entity to engage in any of the activities referred to in subparagraphs 1(a)(i) through 1(a)(ix) and 1(b)(i) through 1(b)(ii) above, and 1(c)(i) through 1(c)(ii) below.

  c) Accordingly, the Third Party Service Providers are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

      i. providing services to Defendant in connection with the continued operation of Defendant's Website;

      ii. permitting the transfer, sale and/or assignment of Defendant's Website; and

      iii. knowingly instructing any other person or business entity to engage in any of the activities referred to in subparagraphs 1(a)(i) through 1(a)(ix), 1(b)(i) through 1(b)(ii) and 1(c)(i) through 1(c)(ii) above.

2. As sufficient cause has been shown, Plaintiff may take the discovery permitted by the Federal Rules of Civil Procedure and those parties who have been served with expedited discovery previously permitted in the TRO shall comply with such expedited discovery absent further order of the Court. Plaintiff may take the following discovery:

  a) Plaintiff may serve interrogatories pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, as well as Local Civil Rule 33.3 of the Local Rules for the Southern and Eastern Districts of New York and Defendant who is served with this

Order shall provide written responses under oath to such interrogatories.

b) Plaintiff may serve requests for the production of documents pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Defendant who is served with this Order and the requests for the production shall produce all documents responsive to such requests.

c) Plaintiff may serve subpoenas on the Financial Institutions to identify any and all of Defendant's Financial Accounts and provide Plaintiff's counsel with a summary report containing account details for any and all such accounts, which shall include, at a minimum, identifying information for Defendant, including contact information for Defendants (including but not limited to, mailing addresses and e-mail addresses), account numbers and account balances for any and all of Defendants' Financial Accounts and confirm compliance with this Order.

d) Plaintiff may serve subpoenas on the Third Party Service Providers to identify any and all of Defendant's Website, and provide Plaintiff's counsel with a summary report containing account details for Defendant's Website, which shall include, at a minimum, identifying information for Defendant and Defendant's Website, contact information for Defendant (including, but not limited to, mailing addresses and e-mail addresses) and confirm compliance with this Order.

e) IT IS FURTHER ORDERED that the subpoenas served on the Financial Institutions may require production, of all documents and records in their possession, custody or control (whether located in the U.S. or abroad), relating to any and all of Defendant's Financial Accounts, including, but not limited to, documents and records relating to:

     i. account numbers;

    ii. current account balances;

   iii. any and all identifying information for Defendant and/or Defendant's Website, including names, addresses and contact information;

   iv. any and all account opening documents and records, including, but not limited to, account applications, signature cards, identification documents, and if a business entity, any and all business documents provided for the opening of each and every of Defendant's Financial Accounts;

    v. any and all deposits and withdrawals during the previous year from each and every one of Defendant's Financial Accounts and any and all supporting documentation, including, but not limited to, documents sufficient to identify the geographic location(s) of any consumers from which deposits were sent, deposit slips, withdrawal slips, cancelled checks and account statements; and

   vi. any and all wire transfers into each and every of Defendant's Financial Accounts during the previous year, including, but not limited to, documents sufficient to show the identity of the destination of the transferred funds, the geographic location(s) of the transferor(s), the identity of the beneficiary's bank and the beneficiary's account number.

f) IT IS FURTHER ORDERED that the subpoenas served on the Third Party Service Providers may require production, of all documents and records in their possession, custody or control (whether located in the U.S. or abroad) relating to Defendant's Website, including, but not limited to, documents and records relating to:

      i. account details, including, without limitation, identifying information and account numbers for any and all accounts or websites that Defendant has ever had and/or currently maintain with the Third Party Service Providers;

      ii. the identities, location and contact information, including any and all e-mail addresses of Defendant;

      iii. the nature of Defendant's business and operations, methods of payment, methods for accepting payment and any and all financial information, including, but not limited to, information associated with Defendant's Website, a full accounting of Defendant's sales history and listing history under Defendant's Website and Defendant's Financial Accounts with any and all Financial Institutions associated with Defendant's Website; and

      iv. Defendant's manufacturing, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products, or any other products bearing the Power Wheels Marks and/or marks that are confusingly similar to, identical to and constitute an infringement of the Power Wheels Marks.

3. As sufficient cause has been shown, and pursuant to FRCP 4(f)(3), service may be made on, and shall be deemed effective as to Defendant if it is completed by the following means:

    a) delivery of: (i) a PDF copy of this Order; or (ii) a link to a secure website (including NutStore, a large mail link created through Rmail.com and via website publication through a specific page dedicated to this lawsuit accessible through ipcounselorslawsuit.com) where Defendant will be able to download a PDF copy of this Order, to Defendant's e-mail address, xdgyatby@163.com.

4. As sufficient cause has been shown, such alternative service by electronic means, including by e-mail service to xdgyatby@163.com, as ordered in the TRO and herein shall be deemed effective as to Defendant, Third Party Service Providers and Financial Institutions through the pendency of this action.

5. As sufficient cause has been shown, service of this Order shall be made on and deemed effective as to the Third Party Service Providers and Financial Institutions if it is completed by the following means:

   a) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PayPal Inc. will be able to download a PDF copy of this Order via electronic mail to PayPal Legal Specialist at EEOMALegalSpecialist@paypal.com;

   b) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Dynadot will be able to download a PDF copy of this Order via electronic mail to abuse@dynadot.com; and

   c) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Cloudflare will be able to download a PDF copy of this Order via electronic mail to abuse@cloudflare.com.

6. Defendant is hereby given notice that they may be deemed to have actual notice of the terms of this Order and any act by them or anyone of them in violation of this Order may be considered and prosecuted as in contempt of this Court.

7. The $5,000.00 bond posted by Plaintiff shall remain with the Court until a final disposition of this case or until this Order is terminated.

8. This Order shall remain in effect during the pendency of this action, or until further order of the Court.

9. Any person that is subject to this Order may appear and move to dissolve or modify the Order on two (2) days' notice to Plaintiff or on shorter notice as set by the Court.

**SO ORDERED.**

SIGNED this 6th day of December, 2021, at 2:00 p.m.
New York, New York

HON. LEWIS J. LIMAN
UNITED STATES DISTRICT JUDGE

9